UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SIOUX STEEL COMPANY, )<br>a South Dakota Corporation )<br>196 ½ East 6th Street )<br>Sioux Falls, South Dakota 57104 )<br> )<br>  Plaintiff, )<br> )<br> )<br> )<br> )<br>v. )<br> )<br>SUKUP MANUFACTURING CO., )<br>an Iowa Corporation )<br>1555 255th Street )<br>Sheffield Iowa 50475 )<br>  SERVE:  Emily Schmitt at above )<br>  address )<br> )<br>  Defendant. ) | Civil Action No. 1:17-cv-_____<br>Judge _____<br>Magistrate-Judge _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Sioux Steel Company ("Sioux Steel"), by counsel, for its Complaint against Defendant, Sukup Manufacturing Co. ("Sukup"), alleges as follows:

**INTRODUCTION**

1.  This is an action for patent infringement under 35 U.S.C. § 271. Plaintiff Sioux Steel seeks monetary damages, enhanced damages (including treble damages), attorneys' fees, costs, and preliminary and permanent injunctive relief preventing continuing acts of infringement of Defendant and direct competitor Sukup.

**THE PARTIES**

2.  Sioux Steel is a corporation organized and existing under the laws of South Dakota, with its principal place of business at 196 ½ East Sixth Street, Sioux Falls SD 57104.

3.  Sioux Steel is the owner by assignment of the patent-in-suit, namely U.S. Patent No. 6,499,930 ("the '930 Patent").

4.  Upon information and belief, Sukup is a corporation organized and existing under the laws of Iowa, with its principal place of business at 1555 255th Street, Sheffield, Iowa 50475. According to records on file at the Iowa Secretary of State, Emily Schmitt is Sukup's agent for service of process with an address the same as Sukup's corporate address.

5.  Upon information and belief, Sukup also maintains a regular place of business at 980 E State Route 133, Arcola, IL 61910 which is within this judicial district.

6.  After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Sukup transacts business nationwide and has committed acts of patent infringement of the '930 Patent within this judicial district and nationwide.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction by virtue of the fact that this is a civil action between citizens of different states and under the Patent Act, 35 U.S.C. § 1 *et seq.*, jurisdiction being conferred over these claims in accordance with 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as the Court's supplemental jurisdiction.

8.  On information and belief, Sukup is an Iowa corporation registered to conduct business within the State of Illinois, and has committed acts of patent infringement within the State of Illinois and within this judicial district where it maintains a regular place of business as aforesaid.

9.  After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Sukup's infringement of the '930 Patent and other acts alleged herein has occurred and is occurring within the State of Illinois, including within this judicial District.

Specifically, one or more models of Sukup's "Zero Entry" Bin Paddle Sweep have been made and sold by Sukup to The Andersons, Inc. at its Champaign Illinois facility within this judicial District and is being used there by said customer. See article "Corrugated Steel Replacement" which appeared in the January/February 2017 issue of **Grain Journal**, attached as **Exhibit A** and incorporated herein by reference.

10. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Sukup regularly solicits and conducts business in the State of Illinois, derives substantial revenue from goods sold in Illinois, and has sold and/or offered for sale and/or made, infringing "Zero Entry" bin paddle sweep goods in the State of Illinois, as set forth in more detail below.

11. On information and belief, venue is properly laid in this Court under 28 U.S.C. §1400(b), because a substantial part of the events or omissions giving rise to the claims occurred within this District, namely the sale of one or more "Zero Entry" bin paddle sweep products by Sukup to The Andersons, Inc. within this judicial district which on information and belief are and continue to be acts of infringement of the '930 Patent.

## FACTS COMMON TO ALL CLAIMS

### *The Plaintiff and the '930 Patent*

12. For nearly 100 years, Sioux Steel has manufactured and sold a variety of high quality agricultural, industrial and farm products throughout the United States and internationally directly and through distributors, including, *inter alia*, a bin paddle sweep marketed under the trademark/brand "Daay Bin Paddle Sweep."

13. This action involves allegations of infringement of the '930 Patent by Sukup's "Zero Entry" bin paddle sweep products, which compete directly with Sioux Steel's Daay bin paddle sweep products.

14. Sioux Steel is the owner by assignment of, and claims all rights under, the '930 Patent, entitled <u>Grain Bin Unloading System</u>, which was duly issued by the United States Patent and Trademark Office ("PTO") on December 31, 2001.

15. On or about September 5, 2012, an Ex Parte Request for Reexamination of claims 1-6 of the '930 Patent was filed, Reexamination Proceedings No. 90/012,464. Claims 1-6 of the '930 Patent were confirmed patentable, and added claims 7-21 were determined to be patentable. After due proceedings, a Reexamination Certificate was issued by the PTO for the '930 Patent. A copy of the '930 Patent, including its Reexamination Certificate, is attached hereto as **Exhibit B** and incorporated by reference herein.

16. Sioux Steel manufactures and markets, through itself and through its Koyker Manufacturing division, commercial bin paddle sweep commercial products made according to the '930 Patent (and/or other patents not involved in this action) under the mark/brand "Daay Bin Paddle Sweep." An excerpt from a Sioux Steel brochure containing information about Sioux Steel's "Daay Bin Paddle Sweep" is attached hereto as **Exhibit C** and incorporated herein by reference.

17. On information and belief, there are no known acceptable non-infringing substitutes.

18. Plaintiff Sioux Steel has the capacity to meet the entire demand for bin paddle sweep products in the United States

19. By virtue of its ownership of the '930 Patent, Sioux Steel has the right to exclude others from making, using, selling or offering to sell, or importing into the United States embodiments of the inventions claimed in the '930 Patent. Sioux Steel has not authorized Sukup

to make, use, sell or offer to sell, or import into the United States any invention claimed in the '930 Patent.

### *Defendant Sukup and Its Infringing "Zero Entry" Bin Paddle Sweep Products*

20. Upon information and belief, Sukup is a manufacturer of farm products, including "Zero Entry" bin paddle sweep products (*see* www.sukup.com). Sukup is a direct competitor of Sioux Steel with respect to bin paddle sweep products.

21. Upon information and belief, Sukup is marketing in the USA bin paddle sweep products under the name "Zero Entry" bin sweep products. *See* brochure published by Sukup which is attached as **Exhibit D** and incorporated herein by reference.

22. Sukup has actual and/or constructive notice concerning the '930 Patent, including notice and knowledge that the '930 Patent exists and sufficient information to conclude that Sukup's "Zero Entry" paddle bin sweep products infringe the '930 Patent.

23. On information and belief, Sukup's "Zero Entry" bin sweep products contain all of the structure set forth in at least claims 1 and/or 14 of the '930 Patent, including every element and limitation of at least claim 1 and/or claim 14 of the '930 Patent, either literally or under the doctrine of equivalents, as evidenced by the structure shown in **Exhibit D**.

24. As to claim 1 of the '930 Patent, on information and belief:

   a. Sukup's "Zero Entry" bin paddle sweep product is an unloading system for a grain bin having an interior for holding a quantity of grain, as stated in claim 1;

   b. Sukup's "Zero Entry" bin paddle sweep product contains an elongated frame for positioning on said grain within the grain bin, said frame having a first end and a second end, said first end of said frame being positioned adjacent the

  center well of the grain bin and includes an elongate hood having a top panel, a first side wall, a second side wall and an opened bottom, as stated in claim 1;

 c. Sukup's "Zero Entry" bin paddle sweep product contains a first wheel rotatably attached to the frame adjacent the first end of the frame, as stated in claim 1;

 d. Sukup's "Zero Entry" bin paddle sweep product contains a second wheel rotatably attached to the frame adjacent the second end of the frame, as stated in claim 1;

 e. Sukup's "Zero Entry" bin paddle sweep product contains a belt passing around the first and second wheels, as stated in claim 1;

 f. Sukup's "Zero Entry" bin paddle sweep product contains a plurality of spaced apart paddles attached to the belt for engaging the grain on the floor of the grain bin through the opened bottom of the elongated frame, as stated in claim 1; and

 g. Sukup's "Zero Entry" bin paddle sweep contains power means for rotating one of the wheels to cause the belt to rotate about the first and second wheels and to cause the paddles to sweep grain from the floor of the grain bin to the center well of the grain bin, as stated in claim 1.

25. As to claim 14 of the '930 Patent, on information and belief:

 a. Sukup's "Zero Entry" bin paddle sweep product is an unloading system for a grain bin having an interior for holding a quantity of grain, as stated in claim 14;

b. Sukup's "Zero Entry" bin paddle sweep product contains an elongated frame for positioning on said grain within the grain bin, said frame having a first end and a second end, said first end of said frame being positioned adjacent the center well of the grain bin and includes an elongate hood having a top panel, a first side wall, a second side wall and an opened bottom, as stated in claim 14;

c. Sukup's "Zero Entry" bin paddle sweep product contains a first wheel rotatably attached to the frame adjacent the first end of the frame, as stated in claim 14;

d. Sukup's "Zero Entry" bin paddle sweep product contains a second wheel rotatably attached to the frame adjacent the second end of the frame, as stated in claim 14;

e. Sukup's "Zero Entry" bin paddle sweep product contains a belt passing around the first and second wheels, as stated in claim 14;

f. Sukup's "Zero Entry" bin paddle sweep product contains a plurality of spaced apart paddles attached to the belt for engaging the grain on the floor of the grain bin through the opened bottom of the elongated frame and first and second sidewalls extending downwardly from the top panel, with those sidewalls laterally shielding portions of the paddles extending above the belt and positioned between the first and second wheels and the second sidewall extending having a bottom edge spaced further from the top panel than the bottom edge of the first sidewall, as stated in claim 14; and

  h. Sukup's "Zero Entry" bin paddle sweep contains power means for rotating one of the wheels to cause the belt to rotate about the first and second wheels and to cause the paddles to sweep grain from the floor of the grain bin to the center well of the grain bin, and a first side wall positioned adjacent to portions of the paddles extending below the belt and moving toward the center well of the grain bin when the belt is rotated by the power means, the paddles being configured to sweep grain into the center well of the grain bin, as stated in claim 14.

26. Sioux Steel, through counsel, has directly corresponded with counsel for Sukup and has requested the opportunity for Sioux Steel's patent counsel to inspect Sukup's "Zero Entry" bin paddle sweep product, but Sukup has refused and continues to refuse that request.

## COUNT I
### Infringement of the '930 Patent
### (35 U.S.C. § 271)

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 of this Complaint as if set forth herein and further states:

28. On information and belief, Sukup, without permission or license from Sioux Steel, has unlawfully and wrongfully made, imported, used, sold or offered for sale, and is now making, importing, using, selling or offering for sale, in direct competition with Sioux Steel within the United States, including within this judicial district, the "Zero Entry" bin paddle sweep products.

29. On information and belief and as stated above (¶¶ 22-26), Sukup's "Zero Entry" bin paddle sweep products, and each of them, contain, embody and employ the invention(s) described and claimed in the '930 Patent, in violation of Sioux Steel's exclusive rights

thereunder, and infringe at least one claim of the '930 Patent, including but not limited to claim 1 and/or claim 14, to the great loss and injury to Sioux Steel.

30. On information and belief, Sukup's unlawful making, importing, using, selling or offering for sale, or contributing to the making, importing, using, selling or offering to sell, or unlawfully inducing others to make, import, use, sell or offer to sell, "Zero Entry" bin paddle sweep products within the United States including within this judicial district constitutes infringement of the '930 Patent as aforesaid.

31. On information and belief, Sukup has derived, received, and will unless restrained and/or enjoined derive and receive from the aforesaid infringement of the '930 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. As a direct and proximate result of the aforesaid infringement, Sioux Steel has been, and will be, greatly damaged and has been, and will be, deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Sioux Steel is lawfully entitled and which they would have derived and received, but for the aforesaid infringement by Sukup.

## COUNT II
### Willful Patent Infringement
**(35 .S.C. §§ 284, 285)**

32. Sioux Steel repeats and re-alleges paragraphs 1 through 31 of this Complaint as if set forth herein, and further states:

33. On information and belief, Sukup had notice and knowledge of the '930 Patent, but despite such notice and knowledge has deliberately made, used, sold, offered for sale and/or imported the "Zero Entry" bin paddle sweep product, and thereby has infringed and continues to

infringe, has induced others to infringe and continues to induce others to infringe, and/or has contributed to the infringement and continues to contribute to infringement of the '930 Patent.

34. Because Sukup has infringed or induced others to infringe or contributed to the infringement of the '930 Patent despite notice and knowledge thereof, Sukup's foregoing infringement, inducement of infringement and/or contributing to the infringement of the '930 Patent has been, and continues to be, willful, deliberate, and in conscious disregard for and willfully blind to the rights of Sioux Steel under the '930 Patent.

## COUNT III
### Injunctive Relief

35. Sioux Steel Sioux Steel repeats and re-alleges paragraphs 1 through 34 of this Complaint as if set forth herein, and further states:

36. Upon a finding that Sukup's "Zero Entry" bin paddle sweep products infringe any claim of any of the '930 Patent, Sioux Steel is entitled to an order under 35 U.S.C. § 283 permanently enjoining Sukup from making, selling or offering for sale, and unlawfully importing the "Zero Entry" bin paddle sweep products into the United States.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sioux Steel requests a judgment in its favor and against Defendant Sukup ordering:

A. That Judgment be entered in favor of Plaintiff Sioux Steel and against Defendant Sukup on Counts I through III of the Complaint;

B. That Defendant Sukup, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, importing or

causing to be imported, or using or causing to be used any product in accordance with or embodying any invention(s) set forth and claimed in the '930 Patent, including each "Zero Entry" paddle sweep product;

  C. That Defendant Sukup be directed to account to Plaintiff Sioux Steel for all gains, profits and advantages realized by Defendant Sukup from manufacturing and marketing of "Zero Entry" bin paddle sweep products resulting in infringement of the '930 Patent and unlawful use and practice of the invention(s) claimed in and by the '930 Patent, from the beginning of marketing the "Zero Entry" bin paddle sweep products, and other products or necessary accessories sold in connection therewith, and other products which infringe the '930 Patent and accessories sold therewith, up to and including the time of trial;

  D. That, in addition, Defendant Sukup be ordered to pay to Plaintiff Sioux Steel, pursuant to 35 U.S.C. § 284, such damages as have been sustained by Plaintiff Sioux Steel as a result of said infringement by Defendant Sukup up to the time of trial (including but not limited to Sioux Steel's lost profits), but in no event less than a reasonable royalty for the use made of the inventions of the '930 Patent by the Defendant Sukup, together with interest and costs;

  E. That Plaintiff Sioux Steel recover its reasonable attorneys' fees under 35 U.S.C. § 285;

  F. That all damages awarded to Plaintiff Sioux Steel be trebled by the Court pursuant to 35 U.S.C. § 284;

  G. That Plaintiff Sioux Steel recover its costs and disbursements herein;

  H. That Plaintiff Sioux Steel recover prejudgment interest;

  I. That Plaintiff Sioux Steel Company be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

          Respectfully submitted,

Date:  August 29, 2017

By:  _____s/ Alyx J. Parker_____

Alyx J. Parker
MEYER CAPEL, P.C.
306 West Church Street
Champaign IL 61820
Phone: (217) 352-1800
Fax:    (217) 352-1083
aparker@meyercapel.com
ARDC #6276734

ATTORNEYS[1] FOR PLAINTIFF
SIOUX STEEL COMPANY

---

[1] The following counsel also represent Plaintiff Sioux Steel Company and will be applying for admission to the Central District of Illinois, along with contemporaneously filing a Motion for Leave to participate in this action while their admission applications are pending, per Central District of Illinois Local Rule 83.5(F):

James R. Higgins, Jr. (KY Bar No. 31790)
Robert J. Theuerkauf (KY Bar No. 83075)
MIDDLETON REUTLINGER, P.S.C.
401 South 4th Street, Suite 2600
Louisville, KY 40202
Phone:  (502) 584-1135
Fax:     (502) 561-0442
jhiggins@middletonlaw.com
rjt@middletonlaw.com